# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-538V
Filed: August 8, 2014
Not for Publication

*****************************************

| | | |
|---|---|---|
| DOROTHY FREEDLAND, BETTE | * | |
| KLEGON, and AMANDA ARGUELLES, | * | |
| as Legal Representatives of the Estate of | * | |
| NORMAN KLEGON, | * | |
| | * | |
| Petitioners, | * | |
| | * | Damages decision based on stipulation; |
| v. | * | influenza (flu) vaccine; Guillain-Barré |
| | * | Syndrome (GBS) |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

*****************************************

John R. Howie, Jr., Dallas, TX, for petitioner.
Althea W. Davis, Washington, DC, for respondent.


**MILLMAN, Special Master**


## DECISION AWARDING DAMAGES[1]

        On August 7, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.   Petitioners allege that Norman Klegon suffered from Guillain-Barré Syndrome ("GBS") as a result of his October 14, 2010, receipt of influenza ("flu") vaccine.   They further allege that he experienced the residual effects of this injury for more

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

than six months.   Mr. Klegon died on September 28, 2013, of arteriosclerotic cardiovascular disease.   Respondent denies that the flu vaccine caused Mr. Klegon's GBS, any other injury, or his death.   Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable.   The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.   Pursuant to the stipulation, the court awards a lump sum of **$85,000.00**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2006).   The award shall be in the form of a check for **$85,000.00** made payable to petitioners, as the legal representatives of the Estate of Norman Klegon.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>August 8, 2014</u>                                                       <u>s/ Laura D. Millman</u>
                                                                                                    <u>by Nora Beth Dorsey</u>
                                                                                                    Laura D. Millman
                                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| DOROTHY FREEDLAND, BETTE KLEGON, and AMANDA ARGUELLES, As Legal Representatives of the Estate of NORMAN KLEGON, | ) ) ) ) ) | |
| Petitioners, | ) ) | No. 12-538V Special Master Laura Millman |
| v. | ) ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Norman Klegon ("Mr. Klegon") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to his receipt of the influenza vaccine ("flu"), which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Klegon received a flu vaccine on October 14, 2010.

3. The vaccine was administered within the United States.

---

[1]  Norman Klegon filed a petition under the Vaccine Program on August 24, 2012, seeking compensation for injuries allegedly caused by an influenza vaccination he received on October 14, 2010. On September 28, 2013, Mr. Klegon passed away. On March 18, 2014, Dorothy Freedland, Bette Klegon, and Amanda Arguelles were appointed Special Co-Administrators of Norman Klegon's Estate. On April 24, 2014, the court granted petitioners' motion to substitute Dorothy Freedland, Bette Klegon, and Amanda Arguelles as petitioners herein.

1

4.  Petitioners allege that Mr. Klegon sustained the first symptom or manifestation of Guillain-Barré Syndrome on or about October 30, 2010. Petitioners further allege that he suffered the residual effects of his alleged injuries for more than six months.

5.  Mr. Klegon died on September 28, 2013, of arteriosclerotic cardiovascular disease.

6.  Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Norman Klegon as a result of his alleged vaccine injury.

7.  Respondent denies that the flu vaccine caused Mr. Klegon's Guillain Barré Syndrome or any other injury or his death.

8.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

9.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $85,000.00 in the form of a check payable to petitioners, as the legal representatives of the Estate of Norman Klegon. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

2

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners have filed documentation establishing their appointments as Special Co-Administrators of the Estate of Norman Klegon under the laws of the State of Nevada.

13. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as Special Co-Administrators of the Estate of Norman Klegon, on behalf of Norman Klegon's Estate and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Norman Klegon resulting from, or alleged to have resulted from, the flu vaccination administered on October 14, 2010, as alleged in a petition for vaccine compensation filed on or about August 24, 2012, in the United States Court of Federal Claims as petition No. 12-538V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Klegon's Guillain Barré Syndrome or any other injury or his death; or that Norman Klegon's death occurred as the result of a vaccine-related injury.

17.  All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of Norman Klegon.

END OF STIPULATION

/

/

/

/

/

4

Respectfully submitted,

PETITIONERS:

DOROTHY FREEDLAND      BETTE KLEGON      AMANDA ARGUELLES

ATTORNEY OF RECORD FOR
PETITIONERS:

JOHN HOWIE, ESQUIRE
Howie Law
4040 N. Central Expressway
Suite 850
Dallas, Texas 75204
(214) 624-5922

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515

Dated: 8 August 2014

5